Jarred A. Henline (12550)
**HENLINE LAW**
770 E. Main St., #348
Lehi, Utah 84043
Telephone: (801) 200-3553
jarred@henlinelaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: <br><br> ALYSON ALLENE HOLDAWAY, <br><br> Debtor. | Case No. 24-21057 <br> Chapter 13 <br><br> Judge Peggy Hunt |
|---|---|

**NOTICE OF PRECONFIRMATION MODIFICATION
TO CHAPTER 13 PLAN**

PLEASE TAKE NOTICE that the Debtor has filed with the United States Bankruptcy Court for the District of Utah a request to modify the previously filed Chapter 13 Plan under 11 U.S.C. § 1323. The Debtors move the Court for confirmation of the Plan as modified without further notice and hearing. In support thereof, the Debtors represent as follows:

The most recently filed plan is hereby modified as follows:

| Plan Part No. | Previously Filed Plan Provision | Plan as Modified |
|---|---|---|
| Paragraph 1.3 | Nonstandard provisions, set out in Part 8. Not Included. | Nonstandard provisions, set out in Part 8. Included. |
| Paragraph 2.2 | Left Blank | Regular payments to the trustee will be made from future income in the following manner. |

1

|  |  | Debtors will make payments directly to the trustee. |
|---|---|---|
| Paragraph 2.3 | Left Blank | Debtor(s) will treat income refunds as follows:<br><br>For the next three tax years of 2024, 2025, and 2026, the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year, the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event, shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan. |

|  |  |  |
|---|---|---|
| Paragraph 3.1 | Motivated Auto Sales<br><br>2012 Volve S6<br><br>$0.00<br><br>$0.00<br><br>0.00%<br><br>$0.00<br><br>$0.00 | Left Blank |
| Paragraph 5.1 | Left Blank | Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective.<br><br>The Sum of $500. |
| Paragraph 8.1 | Left Blank | (1) Adequate Protection Payments. If the debtor seeks to pay Adequate Protection Payments to holders of secured claims, the requirements of Local Rule 2083-1(d) apply. Creditors set forth herein as receiving adequate protection payments are referred to the Notice of Adequate Protection Payments for details concerning the amount and duration of the Adequate Protection Payments.<br><br>Adequate Protection Creditors: Section 3.3: None. |

|  |  |  | (2) Applicable Commitment Period. The applicable commitment period for the Plan is 36 months. The number of months listed in Part 2.1 for which the debtor will make regular payments is an estimate only; the applicable commitment period stated here dictates the term of the Plan. Any below median case may be extended as necessary not to exceed 60 months to complete the Plan payments.<br><br>(3) Direct Payment of Claims. If the debtor elects to pay a claim directly and that claim is not one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims the debtor elects to pay directly, Local Rule 2083-2(i)(4) applies.<br><br>Claims to Be Paid Directly: Motivated Auto Sales (2012 Volvo S6).<br><br>(4) Third-Party Payment of Claims. If the Plan provides that a non-debtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a third party, Local Rule 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payer.<br>The trustee will not monitor third party payments to creditor and at |
|---|---|---|---|

| | | |
|---|---|---|
| | | the expiration of the case, whether by discharge or dismissal, the claim of creditor shall not be discharged.<br><br>Claims to Be Paid by a Third Party: None.<br><br>(5) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under §522(f), Local Rule 2083-2(j) applies. None.<br><br>(6) Interest on over secured Claims. If the debtor proposes to pay an over secured claim a nonstandard rate of interest or interest accruing prior to confirmation of the Plan, such nonstandard treatment must be specifically stated below, including the identity of the secured creditor and the proposed interest rate accrual.<br><br>Claims to be paid Interest on Over Secured Claims: None.<br><br>(7) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2€, with interest at the rate set forth in the proof of claim or at 0% per annum if no interest is specified.<br><br>(8) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S§.C. 521(a)(1). |

| | | |
|---|---|---|
| | | (9) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan. |

The modification does not negatively impact secured, priority or non-priority unsecured creditors because it merely increases overall payments to ensure the plan is feasible. It also complies with the requisite tax distributions. Monthly payment allotments will not negatively change for either secured, priority or non-priority unsecured creditors and each creditor will still receive the same payout that they would have received under the original plan.

Under § 1323(c), any holder of a secured claim that has accepted or rejected, as the case may be, the prior plan is deemed to have accepted or rejected the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and changes such holder's previous acceptance or rejection.

THEREFORE, because the modification does not require notice to creditors, the Debtor requests the Bankruptcy Court to confirm the plan as modified without further notice or hearing.

DATED this 14th day of June, 2024.

**HENLINE LAW**

/s/ JARRED HENLINE

_____

Jarred A. Henline
Attorney for Debtors

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2024, 2024, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties and/or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Chapter 13 Trustee

US Trustee's Office

/s/ JARRED HENLINE

_____

Employee of Henline Law